FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 22 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-40346 |
| Stanley P. Gaddy and ) | |
| Kelly P. Gaddy ) | Chapter 7 |
| ) | |
| Debtors. ) | |

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

**THIS MATTER** came before the Court upon the objection to Debtors' claimed exemptions by Trustee, Steven G. Tate. Debtors filed Chapter 13 bankruptcy on July 11, 2014. Debtors claimed exemptions in two automobiles: a 1989 Jeep Wrangler under N.C.G.S. § 1C-1601(a)(3) (providing an exemption of up to $3500 in value in "one motor vehicle") and a 2005 Ford F-350 Pickup Truck under N.C.G.S. § 1C-1601(a)(5) (providing an exemption of up to $2000 "in value in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor"). Trustee objects to Debtors' exemption in the latter, arguing that the Ford truck fails to qualify under N.C.G.S. § 1C-1601(a)(5). A hearing was held on September 26, 2014 at which Debtors appeared through their attorney Edward C. Hay, Jr.

At that hearing, the parties stipulated that the sole question was whether the truck

1

constitutes a "tool of the trade," an issue of first impression to this bankruptcy court.[1] Trustee stipulated that Debtors use the truck for business purposes only, specifically to deliver very large, plastic, water tanks. The parties further stipulated that the truck is a standard, medium duty pickup with no modifications, special equipment, or up-fitting necessary for Debtors' business.

Acting pursuant to 11 U.S.C. § 522(b), the North Carolina General Assembly opted out of the Federal exemptions provided in the Bankruptcy Code. N.C.G.S. § 1C-1601(f). Meaning, the State's exemption statute applies to resident debtors in bankruptcy. *In re Crawford*, 511 B.R. 395, 399 (Bankr. W.D.N.C. 2014). When applying North Carolina's exemption statutes, courts are to read the text liberally with an eye in favor of exemption. *Id*. (citing *Elmwood v. Elmwood*, 295 N.C. 168 185, 244 S.E.2d 668, 678 (1978). Even so, a "statute's words should be given their natural and ordinary meaning." *Shelton v. Morehead Mem'l Hosp.*, 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986); *see also King v. Town of Chapel Hill*, ___ N.C. ___, ___, 758 S.E.2d 364, 369 (2014) (stating that when a statute "is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning" (citation and quotation marks omitted)). Relevant to this case, subsection 1C-1601(a)(5) permits an exemption of "[t]he debtor's aggregate interest, not to exceed two thousand dollars ($2,000) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor."

Although the question of whether a debtor in an opt out state qualifies for an exemption is a matter of state law, *Crawford*, 511 B.R. at 399, no North Carolina

---

[1] The Court is not called to answer whether the Truck otherwise qualifies for an exemption under N.C.G.S. § 1C-1601(a)(5) as an implement or professional book.

2

appellate court has specifically considered whether an automobile or truck qualifies as a tool of the trade. Nonetheless, a decision from the Eastern District of North Carolina addresses a substantially similar factual scenario. In *In re Trevino*, the debtor contracted with a boat builder to haul boats. 96 B.R. 608, 610 (Bankr. E.D.N.C. 1989). The builder would furnish a trailer, which the debtor would pull using his truck, a Ford F-250. *Id*. The truck was not uniquely designed or equipped for boat hauling. *Id*. The debtor made several trips per week, sometimes as far away as Massachusetts or Alabama. *Id*. In addition to using the truck to haul boats, the debtor used the truck for personal matters. *Id*. When the debtor filed bankruptcy, he listed his truck as exempt as a trade tool. *Id*. The trustee objected. *Id*. The Court first observed that "the word 'tool' is not one commonly used to describe a motor vehicle." *Id*. Additionally, the Court noted, "the exemptions provided by federal bankruptcy law and by many states including North Carolina create separate exemption categories for motor vehicles and for tools of the trade." *Id*. Thus, the Court determined that "a motor vehicle cannot qualify for the tool of the trade exemption, at least when that motor vehicle is not specially outfitted for the debtor's trade." *Id*.

That result is in harmony with the Fifth Circuit Court of Appeals' decision in *In re Belsome* where the Court addressed whether the debtor's school bus qualified as a tool under Louisiana law. 434 F.3d 774, 776 (5th Cir. 2005). Somewhat similar to North Carolina, Louisiana distinguishes between tools necessary to a debtor's trade and vehicles necessary to a debtor's trade. *Id*. at 777 (quoting La. Rev. Stat. Ann. § 13:3881(A)(2) (2005)). Because the statute provided for a specific exemption for motor vehicles, that statute trumped the general language of the tools exemption. *Id*. at 779. Moreover, the

3

Court observed that "the Louisiana legislature was clear that only one motor vehicle would qualify for an exemption" and were it "to find that a school bus fell with the 'tools' provision, a debtor could seek to exempt a second vehicle under the 'motor vehicle' exemption." *Id*. Accordingly, the Fifth Circuit held the bus could not be exempt as a tool. *Id*. Like *Belsome*, the Supreme Court of North Carolina recently reaffirmed its adherence "to the long-standing principle that when two statutes arguably address the same issue, one in specific terms and the other generally, the specific statute controls." *High Rock Lake Partners, LLC v. NC DOT*, 366 N.C. 315, 322, 735 S.E.2d 300, 305 (2012) (citations omitted).

Having already listed their other vehicle under the specific state exemption for automobiles, N.C.G.S. § 1C-1601(a)(3), Debtors look to the somewhat vague and broadly worded tools of the trade exemption for their truck. Indeed, both exemption statutes could arguably address the same property under certain circumstances. The North Carolina Supreme Court's jurisprudence, however, dictates that the specific statute for automobiles is the proper avenue for such an exemption. Put differently, by omitting the any reference to automobiles from N.C.G.S. § 1C-1601(a)(5) and including an explicit exemption for automobiles in another subsection, N.C.G.S. § 1C-1601(a)(3), it would appear that the North Carolina General Assembly did not intend for automobiles to be considered "tools of the trade" for purposes of exemptions. *Accord Belsome*, 434 F.3d at 779 ("follow[ing] the cannon of statutory construction that allows specific language of a statute to trump general language" to hold that Louisiana has "a specific exemption for motor vehicles," which precludes exempting a vehicle under the "general language" of the tools exemption).

Given the limited facts presented, particularly the nature of Debtors' use of the truck as well as its lack of specialty equipment unique to Debtors' business, the truck does not qualify as a tool of the trade. Accordingly, Trustee's objection to Debtors' exemption under N.C.G.S. § 1C-1601(a)(5) for their 2005 Ford F-350 is sustained.

This bankruptcy court is not unmindful of decisions reaching an opposite result. Those cases are, however, easily distinguishable based on the exemption laws unique to each state. For instance, in *In re Lyall*, the Bankruptcy Court for the Eastern District of Virginia considered whether the debtor, a self-employed architect, could exempt his car, a 1990 Acura, under the Virginia tools of the trade exemption. 193 B.R. 767, 768 (Bankr. E.D. Va. 1996). The debtor used the Acura primarily "to attend meetings out of the office, to visit clients and prospective clients, to meet with governmental officials (such as municipal permitting and zoning personnel), to visit project sites, and in working with contractors as a subcontractor himself in design-build projects." *Id*. Under those facts, the Court permitted the debtor to exempt the vehicle as necessary for his occupation. *Id*. at 769. The law of Virginia, unlike North Carolina, specifically permits a debtor to exempt a motor vehicle as a tool of trade making the reasoning in *Lyall* inapplicable to the case at hand. Va. Code Ann. § 34-26(7) (allowing exemptions for "[t]ools, books, instruments, implements, equipment, and machines, *including motor vehicles*, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade . . . ." (emphasis added)).

**SO ORDERED.**

**This Order has been signed electronically.**           United States Bankruptcy Court
**The judge's signature and the court's seal**
**appear at the top of the Order.**